OLOTOA OVERLAND MANUMA, Plaintiff

v.

ALEFOSIO BARTLEY and LAUTELE
LETULIGASENOA, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 15-86

May 27, 1986

Before REES, Chief Justice, TAUANU'U, Chief
Associate Judge, and LUALEMAGA, Associate Judge.

Counsel: For the Plaintiff, Asaua Fuimaono
For the Defendants, Malaetasi Togafau and
Talelei Tulafono

On May 5, 1986, counsel for defendants filed a
motion for new trial or to amend judgment with the
clerk of the High Court. The motion was served on
counsel for the plaintiff on May 6. Thus the
motion was _filed_ on the tenth judicial day after
judgment was issued on April 25, 1986, but was not
_served_ until the eleventh day. Since T.C.R.C.P.
Rule 59 requirese that a motion to alter or amend a
judgment be served within ten days of judgment, the
Court cannot entertain the motion as one to alter
or amend the judgment.

Rule 59 curiously provides no time limit for a
motion for new trial except that it be "filed not
later than ten days before the date of the
hearing." A.S.C.A. § 43.0802 does provide that a

21

motion for new trial must be "filed" within ten days of judgment, but does not require _service_ within the ten days. So the Court may consider this motion as one for a new trial.

Counsel raises an interesting and possibly important argument in his motion: that since the man who sold the land in question to the plaintiff and later to the defendants had not registered the land as his individual property until after the first sale, the Court is obliged to presume that the land was his communal property at the time of the first sale. Thus the first sale would be void for failure to comply with the statutory requirements for sale of communal land.

The Court has, however, carefully scrutinized the transcript of counsel's argument at trial and can find no trace of this argument. Although counsel did argue that the vendor had no involvement in the survey registered by plaintiff, this point seems to have been raised solely to bolster the defendants' unsuccessful argument that the vendor actually sold the plaintiff a different piece of land than the one in question. Since counsel had every opportunity at trial to argue that the land was communal land and failed to do so, the argument must be regarded as waived and cannot be raised at any future stage of the litigation. Moreover, there was adequate evidence in the record from which the trial court could conclude that the presumption of communality had been rebutted and that the land was in fact the vendor's individual property at the time of the first sale. The motion for new trial is therefore denied.

Counsel for defendant also moves that execution of the judgment be stayed pending appeal. Defendants have plantations on the land, whereas plaintiff opposes the stay in order to be free to sell the land and deliver it to the vendee. it would be quite difficult for defendants to rebuild destroyed plantations in the event an appellate court were to reverse the trial court's judgment. It will be far less difficult for plaintiff to wait until the appellate state of this proceeding is over to deliver what will be until then a cloudy title. The stay of execution is therefore granted.